IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| KENDLE WILLIAMS, | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | * |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | *   No. 3:15-cv-00306-JJV |
| | * |
| | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). This review function is extremely limited. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d) (1) (A); 42 U.S.C. § 1382c(3) (A) and (B).

The Administrative Law Judge (ALJ) determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 13) The ALJ then found that Plaintiff had "severe" impairments in the form of degenerative disc disease, osteoarthritis, and morbid obesity. *Id.*

However, she concluded that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 14.)

The ALJ concluded that Plaintiff's subjective complaints were not credible to the extent alleged. *Id.* She found Plaintiff retained the residual functional capacity to perform a reduced range of sedentary work. *Id.* Given the residual functional capacity assessment, the ALJ then determined Plaintiff was unable to perform his past relevant work. (Tr. 16-17) Accordingly, the burden shifted to the Commissioner to show a significant number of jobs within the economy that Plaintiff could perform, given his residual functional capacity, age, education, and past work. The ALJ called a vocational expert to determine the availability of jobs that Plaintiff could perform given his restrictions. (Tr. 40-45) The vocational expert testified within the constraints of the ALJ's hypothetical questions. Given the ALJ's hypothetical questions, the vocational expert testified that jobs Plaintiff could perform, despite his impairments, existed in significant numbers. *Id.* Consequently, the ALJ concluded Plaintiff could perform the jobs of telephone information clerk, document preparer, and charge account clerk and, therefore, was not disabled. (Tr. 16-17)

In support of his Complaint, Plaintiff argues the ALJ incorrectly discredited his subjective complaints. (Pl.'s Br. 14-15) The ALJ said, "The claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 15)

The ALJ analyzed Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 14)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

2

    1. the claimant's daily activities;

    2. the duration, frequency and intensity of the pain;

    3. precipitating and aggravating factors;

    4. dosage, effectiveness and side effects of medication;

    5. functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff makes compelling arguments on this point. And I agree the ALJ's credibility assessment is rather limited. But the overall record provides sufficient evidence to support the ALJ's finding.

Gauging the impact of back pain is an extraordinarily difficult task. Plaintiff clearly suffers from pain and limitation as a result of his back impairment. I am sympathetic to his claims and find this to be a close case. But the overall medical evidence fails to support an allegation of complete disability. I have closely reviewed the treatment notes from Plaintiff's treating doctors and I am unable to conclude the ALJ's assessment is flawed. (Tr. 251-260, 267-68, 270-72, 273, 303, 358-68, 393-403) I recognize that Plaintiff's back impairment is severe enough to require surgery and at least one emergency room visit. (Tr. 273, 341-45) Yet, the evidence supports a conclusion that Plaintiff is capable of performing a reduced range of sedentary work.

Plaintiff takes great exception to the ALJ's statement that he "has not established an objective basis for the level of severity alleged." (Tr. 15) Plaintiff's argument is well taken. But said differently, I find there is little objective support for a conclusion that Plaintiff is precluded from all work activities. The inconsistencies between the medical evidence and Plaintiff's subjective

3

complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). Furthermore, no physician has ever permanently restricted Plaintiff from engaging in work related activities. There remains an open question about whether Plaintiff's doctors believe he can return to work, but it is Plaintiff's burden to prove disability.

The ALJ's credibility analysis was proper. She made specific findings explaining that conclusion. *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). A court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling impairments. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

Plaintiff has advanced other arguments which I have carefully considered and find to be without merit. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this <u>4th</u> day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE